UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No.: 2:16-cv-4757 |
| Plaintiff, | APPLICATION BY THE SECURITIES AND EXCHANGE COMMISSION TO REQUIRE COMPLIANCE WITH COMMISSION ORDER |
| - against - | |
| CRAIG SCOTT CAPITAL, LLC, CRAIG S. TADDONIO, and BRENT M. PORGES, | |
| Defendants. | |

## INTRODUCTION

1. The Plaintiff Securities and Exchange Commission (the "Commission") in this action seeks to enforce the Order entered by the Commission on consent against the Defendants Craig Scott Capital, LLC ("CSC"), Craig S. Taddonio ("Taddonio"), and Brent M. Porges ("Porges") on April 12, 2016 (the "Commission Order"). A copy of the Commission Order is attached as Exhibit 1.

2. The Commission Order found:

   a. CSC had willfully violated Rule 30(a) of Regulation S-P, 17 C.F.R. § 248.30(a), which requires broker-dealers to adopt written policies and procedures that are reasonably designed to insure the security and confidentiality of customer records and information;

   b. As a result of the conduct described above, CSC had thereby willfully violated Section 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4); and

      c.    As a result of the conduct described above, Taddonio and Porges willfully aided and abetted and caused CSC's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4).

3.    The Commission Order, in part:

    a.    Required CSC to pay a civil money penalty of $100,000.00 to the Commission for transfer to the general fund of the United States Treasury;

    b.    Required Taddonio to pay a civil money penalty of $25,000.00 to the Commission for transfer to the general fund of the United States Treasury; and

    c.    Required Porges to pay a civil money penalty of $25,000.00 to the Commission for transfer to the general fund of the United States Treasury.

4.    CSC, Taddonio, and Porges have not paid any portion of the civil money penalties imposed upon them by the Commission Order.

5.    The Commission bring this action pursuant to Section 21(e)(1) of the Exchange Act to enforce compliance by CSC, Taddonio, and Porges with the Commission Order.

## JURISDICTION AND VENUE

6.    The jurisdiction of this Court is founded upon Sections 21(e)(1) and 27(a) of the Securities Act, 15 U.S.C.§ § 78u(e)(1) and 78aa(a).

7.    Venue lies in the Eastern District of New York pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a) in that the Defendants CSC, Taddonio, and Porges are inhabitants of or transact business in the Eastern District of New York.

8.    This action is properly a "Long Island case" in that the Defendants CSC, Taddonio, and Porges each reside in Nassau or Suffolk Counties.

## PARTIES

9. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street (Brookfield Place), Room 400, New York, New York 10281-1022.

10. CSC is a limited liability company organized and existing under the law of the State of New York with a principal office located in Uniondale (Suffolk County), New York. CSC is a broker-dealer registered with the Commission pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(a). On December 31, 2015 CSC filed a Form BDW to terminate its registration with the Commission; however, the Form BDW was not accepted because of deficiencies with the filing.

11. Taddonio, age 33, is a resident of Babylon (Suffolk County), New York. Taddonio is a Member of CSC. Taddonio is a co-founder and co-owner of CSC; from January 2012 until January 28, 2016 Taddonio served as Chief Executive Officer and President of CSC and beginning in October 2015 Taddonio also served as Chief Compliance Office of CSC. Taddonio holds Series 7, 24, and 63 securities licenses.

12. Porges, age 38, is a resident of Garden City (Nassau County), New York. Porges is also a co-founder and co-owner of CSC. Between January 20, 2012 and October 20, 2015, Porges served as the Chief Operating Officer of CSC. Porges holds Series 7, 24, 55, and 63 Securities Licenses.

## STATEMENT OF RELEVANT FACTS

13. On April 12, 2016, the Commission, deeming it appropriate and in the public interest that public administrative and cease-and-desist proceedings be instituted pursuant to Sections 15(b) and 21C of the Exchange Act, 15 U.S.C. §§ 78o(b) and 78u-3, instituted such proceedings against

CSC, Taddonio, and Porges, made findings, and imposed remedial sanctions and a cease-and-desist order on the offers of settlement submitted by CSC, Taddonio, and Porges (Exhibit 1).

14. The Commission Order specifically found that CSC had failed to adopt written policies and procedures reasonably designed to insure the security and confidentiality of customer records and information, in violation of Rule 30(a) of Regulation S-P, 17 C.F.R. § 248.30(a) (the "Safeguards Rule"), in that CSC had failed to make and keep certain communications relating to its business, in violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4 thereunder, 17 C.F.R. § 240.17a-4, by using email addresses other than those with CSC's domain name (@craigscottcapital.com) to electronically receive more than 4,000 faxes from customers and third parties, which faxes included sensitive customer records and personal identification information, such as social security numbers and financial account numbers.

15. The Commission Order further specifically found that Taddonio and Porges, as well as other CSC employees, also used their personal email addresses for matters relating to the business of CSC, and CSC did not maintain and preserve either these faxes or this email correspondence as required.

16. In addition, the Commission Order specifically found that although CSC had written supervisory procedures, these were not reasonably designed to protect customer records and information as required by the Safeguards Rule, in that they failed to designate the responsible supervisor, failed to address how customer records and information transmitted through the electronic fax system was to be handled, contained blanks on how CSC was to comply with the Safeguards Rule, and were not tailored to the actual practices of CSC.

17. The Commission Order determined that:

    a. CSC willfully violated Rule 30(a) of Regulation S-P, 17 C.F.R. § 248.30(a), which requires broker-dealers to adopt written policies and procedures that

are reasonably designed to insure the security and confidentiality of customer records and information.

b. CSC willfully violated Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4). Section 17(a) and Rule 17a-4 require that brokers or dealers make and keep current various records relating to its business and preserve those records for specified periods of time. Rule 17a-4(b)(4) requires broker-dealers to preserve for three years originals of all communications received and copies of all communications sent relating to their business as such.

c. Taddonio and Porges willfully aided and abetted and caused CSC's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and of Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4).

18. The Commission Order imposed the following remedial sanctions on CSC, Taddonio, and Porges:

a. CSC was ordered to cease and desist from committing or causing any violations and any future violations of Rule 30(a) of Regulation S-P, 17 C.F.R. § 248.30(a), Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4).

b. Taddonio was ordered to cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4).

c. Porges was ordered to cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. § 240.17a-4(b)(4).

   d. CSC, Taddonio, and Porges were censured.

   e. CSC was ordered, with 10 days of the entry of the Commission Order, to pay a civil money penalty of $100,000.00 to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3), with interest to accrue if timely payment was not made pursuant to 31 U.S.C. § 3717.

   f. Taddonio was ordered to pay a civil money penalty of $25,000.00 to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3); on installment of $10,000.00 to be due within 10 days of the entry of the Commission Order and three installments of $5,000.00 each due within 90, 180, and 270 days of the entry of the Commission Order, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3), with interest to accrue if timely payment was not made pursuant to 31 U.S.C. § 3717.

   g. Porges was ordered to pay a civil money penalty of $25,000.00 to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3); on installment of $10,000.00 to be due within 10 days of the entry of the Commission Order and three installments of $5,000.00 each due within 90, 180, and 270 days of the entry of the Commission Order, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3), with interest to accrue if timely payment was not made pursuant to 31 U.S.C. § 3717

19. CSC, Taddonio, and Porges have failed to pay any portion of the civil money penalties imposed upon the by the Commission Order.

20. As of August 25, 2016, the following amounts were due pursuant to the Commission Order:

   a. CSC:

   | Civil money penalty | $100,000.00 |
   |---|---|
   | Interest pursuant to 31 U.S.C. § 3717 | $369.86 |
   | TOTAL | $100,369.86 |

   b. Taddonio:

   | Civil money penalty | $25,000.00 |
   |---|---|
   | Interest pursuant to 31 U.S.C. § 3717 | $92.47 |
   | TOTAL | $25,092.47 |

   c. Porges:

   | Civil money penalty | $25,000.00 |
   |---|---|
   | Interest pursuant to 31 U.S.C. § 3717 | $92.47 |
   | TOTAL | $25,092.47 |

## CLAIM FOR RELIEF

21. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United States ... shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder....

22. This provision authorizes authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

23. CSC, Taddonio, and Porges have each not made any payment on the civil money penalties imposed by the Commission Order, and the same, together with additional interest pursuant to 31 U.S.C. § 3717 remains due and owing.

24. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In

*McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

25. In such proceedings CSC, Taddonio, and Porges may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658

**WHEREFORE**, the Commission respectfully requests:

I.

That the Court enter a judgment enforcing the Commission Order by requiring CSC to pay the civil money penalty of $100,000.00, interest pursuant to 31 U.S.C. § 3713, and postjudgment interest pursuant to 28 U.S.C. § 1961.

II.

That the Court enter a judgment enforcing the Commission Order by requiring Taddonio to pay the civil money penalty of $25,000.00, interest pursuant to 31 U.S.C. § 3713, and postjudgment interest pursuant to 28 U.S.C. § 1961.

III.

That the Court enter a judgment enforcing the Commission Order by requiring Porges to pay the civil money penalty of $25,000.00, interest pursuant to 31 U.S.C. § 3713, and postjudgment interest pursuant to 28 U.S.C. § 1961.

## IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

## V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VI.

That the Court order such other and further relief as may be just and proper.

Dated:    New York, New York
          August 25, 2016

*Sanjay Wadhwa*
Sanjay Wadhwa
Andrew M. Calamari
Judith Ann Weinstock
John Graubard

Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.:    212-336-0084 (Graubard)
Fax:    212-336-1323
Email:  graubardj@sec.gov