FILED
CLERK
1/28/2020 3:18 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

      -against-

CRAIG SCOTT CAPITAL, LLC, CRAIG S.
TADDONIO and BRENT M. PORGES,

                  Defendants.
-------------------------------------------------------------X

ORDER
16-CV-4757 (SJF)(AYS)

FEUERSTEIN, District Judge:

Pending before the Court is the motion of plaintiff Securities and Exchange Commission ("plaintiff" or the "SEC"), *inter alia*, pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, seeking reconsideration of an order entered on April 29, 2019 denying its application to reopen this case as against defendant Craig S. Taddonio ("Taddonio"). For the reasons stated herein, the motion for reconsideration is granted but, upon reconsideration, the Court adheres to its original determination.

I.      Background

On August 25, 2016, the SEC commenced this action against, *inter alia*, Taddonio pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78u(e)(1), seeking to enforce Taddonio's compliance with a consent order entered by the SEC on April 12, 2016 (the "Commission Order"), *inter alia*, finding that Taddonio willfully aided and abetted, and caused, the violation by defendant Craig Scott Capital ("CSC") of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-4(b)(4) thereunder, 17 C.F.R. §

1

240.17a-4(b)(4); and requiring Taddonio to pay a civil penalty of twenty-five thousand dollars ($25,000.00) to the SEC for transfer to the general fund of the United States Treasury, "subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3); on installment of $10,000.00 to be due within 10 days of the entry of the Commission Order and three installments of $5,000.00 each due within 90, 180, and 270 days of the entry of the Commission Order, subject to Exchange Act Section 21F(g)(3), 15 U.S.C. § 78u-6(g)(3), with interest to accrue if timely payment was not made pursuant to 31 U.S.C. § 3717." (Complaint ["Compl."], ¶ 18(f)).

The return of service filed by the SEC on September 8, 2016 indicates that a summons and the complaint were served upon Taddonio on August 30, 2016. When Taddonio failed to serve an answer within twenty-one (21) days after being served with process, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), the SEC moved to enter his default in this action. On October 5, 2016, the Clerk of the Court entered Taddonio's default in this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, the SEC moved pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for a default judgment against Taddonio. By electronic order dated October 27, 2016, the initial pretrial conference that was scheduled to be held before the undersigned on January 5, 2017 was converted to a hearing on the SEC's motion for a default judgment and was advanced to December 13, 2016 at 11:15 a.m. Although the SEC was directed to serve a copy of that order upon defendants and file proof of such service with the Court, the SEC did not file proof of service in accordance with that order.

By letter dated November 15, 2016, *inter alia*, the SEC requested an adjournment of the hearing on its motion for a default judgment "without date due to Mr. Taddonio's Chapter 7 bankruptcy filing," and indicated that it would "continue to advise the Court regarding the status of the matter with respect to Defendant Taddonio's bankruptcy and as to when [it] expect[ed] to

seek a hearing date for the Motion." (Docket Entry ["DE"] 17). By electronic order dated November 17, 2016, the SEC's motion was granted to the extent that its claims against Taddonio were "severed and administratively closed with leave to reopen on ten (10) days notice *within thirty (30) days from the date the bankruptcy stay [was] lifted*, and the application [was] otherwise denied."[1] (emphasis added).

By letter motion dated March 21, 2019, the SEC, *inter alia*, (i) advised that the Bankruptcy Court granted Taddonio a discharge in his case pursuant to 11 U.S.C. § 727 on July 21, 2017, and issued a final decree and closed the case on November 9, 2017; and (ii) requested leave to reopen the matter as to Taddonio, notwithstanding that "the window of time that the Court granted [it] leave to reopen the matter as to Mr. Taddonio ha[d] passed," *i.e.*, more than thirty (30) days had passed from the date the bankruptcy stay was lifted, because its action was "still timely." (DE 21). Although the SEC apologized for its delay in seeking leave to reopen, it proffered no excuse, much less a reasonable excuse, for its failure to comply with this Court's November 17, 2016 order.[2] By electronic order dated April 29, 2019 (the "April Order"), the SEC's application was denied, *inter alia*, due to "the significant delay caused by [its] failure to prosecute its claims against Taddonio, despite receiving clear notice that it was required to seek leave to reopen within thirty (30) days from the date the bankruptcy stay was lifted."

The SEC now moves pursuant to Local Civil Rule 6.3 for reconsideration of the April Order or, in the alternative, for dismissal of this action "with leave to refile so that [it] may

---

[1] On December 13, 2016, following a hearing before the undersigned, a default judgment was entered against the other two (2) defendants, CSC and Brent M. Porges.

[2] Indeed, in its memorandum of law in support of the motion for reconsideration, the SEC "again apologizes for failing to comply with the Court's deadline to reopen the case as to Taddonio," (Memorandum of Law in Support of the SEC's Motion for Reconsideration ["SEC Mem."], at 1), but still fails to proffer any excuse, much less a reasonable one, for such failure.

recommence this action as it is still timely under the applicable statute of limitations." (SEC Mem., at 2).

II.     Discussion

    A.     Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Van Buskirk*, 935 F.3d at 54; *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys*, 684 F.3d at 52 (quotations, alterations and citation omitted). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, *see Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("A party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [reconsideration] to advance new facts and theories in response to the court's rulings" (quotations, brackets and citation omitted)); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters . . . were presented to the court on the underlying motion" (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. Oct. 17, 2016) ("A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made" (quotations and citation omitted)); *Norton*, 47 F. Supp. 3d at 155 ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration"); *Redd*, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . ." (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical Surveys*, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues . . ." (quotations and

citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); *In re Citigroup ERISA Litig.*, 112 F. Supp. 3d 156, 158 (S.D.N.Y. 2015).

Since the SEC contends, *inter alia*, that reconsideration is necessary because "a manifest injustice" will result if Taddonio is "able to avoid the monetary sanction, a penalty, imposed for his violations of the federal securities laws," (SEC Mem. at 1; *see also Id.* at 4), its motion for reconsideration is granted. However, for the reasons set forth below, upon reconsideration, the Court adheres to its original determination.

### B. Failure to Prosecute

Despite receiving clear notice that it was required to seek leave to reopen within thirty (30) days from the date the bankruptcy stay was lifted, plaintiff delayed more than fifteen (15) months in seeking to reopen this case to prosecute its claims against Taddonio, which is of sufficient duration to justify denying leave to reopen for failure to prosecute, particularly absent any excuse for the delay. *See, e.g. Gaeta v. Inc. Village of Garden City*, 644 F. App'x 47, 48 (2d Cir. Mar. 23, 2016) (summary order) (concluding that the district court did not abuse its discretion in refusing to grant the plaintiff's motion to reopen because, *inter alia*, his failure to prosecute caused significant delay and it was clear from the magistrate judge's report and recommendation that it was up to the parties to notify the court to request restoring the action); *Zappin v. Doyle*, 756 F. App'x 110, 2019 WL 1210296, at * 2 (2d Cir. Mar. 13, 2019) (summary order) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure); *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) (finding that the

plaintiff's "continuous silence" over a period of approximately seventeen (17) months and in the face of "a direct court order to act[,] [spoke] to her lack of interest in pursuing th[e] action.")

Furthermore, prejudice to Taddonio may fairly be presumed from plaintiff's unreasonable delay in seeking to prosecute its claims against him, particularly since the Commission Order was entered almost four (4) years ago and is based upon conduct occurring over a four (4)-year period commencing in January 2012, approximately eight (8) years ago. *See e.g. Gaeta*, 644 F. App'x at 48 (finding that "defendants surely were prejudiced by the extensive delay," where the underlying events occurred approximately twelve (12) years before the plaintiff sought leave to reopen); *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 18 (2d Cir. May 16, 2018) (summary order) ("[P]rejudice to Defendants 'resulting from unreasonable delay may be presumed.'" (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999))); *Diaz v. Cortes*, No. 12-cv-2904, 2015 WL 542521, at * 2 (S.D.N.Y. Feb. 9, 2015) ("[P]rejudice to Defendant can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff has ignored multiple court orders and deadlines without requesting any extension or offering any cause for the delay.") In addition, in light of plaintiff's apparent disinterest in prosecuting its claims against Taddonio, the need to alleviate calendar congestion outweighs plaintiff's right for a day in Court. *See e.g. Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (finding that where the plaintiff "made no effort to prosecute th[e] action, it would be unfair to the numerous other litigants who await the attention of th[e] Court to permit her suit to remain on the docket."); *Pratt v. City of New York*, No. 16-cv-8278, 2018 WL 3154613, at * 4 (S.D.N.Y. June 28, 2018), *report and recommendation adopted by* 2018 WL 3435056 (S.D.N.Y. July 17, 2018) ("[C]ourts in this district have held that calendar congestion outweighed plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be

7

heard. . . ." (quotations, alterations and citation omitted)); *Rennie v. City of New York*, No. 95 Civ. 2234, 1996 WL 2002, at * 1 (S.D.N.Y. Jan. 3, 1996) ("[W]here the Court is faced with a plaintiff . . . who seems uninterested in pursuing his opportunity for due process, . . . justice requires clearing the dormant case from the docket and removing the cloud from defendants.")

In addition, given plaintiff's unexplained failure to comply with this Court's orders, and its apparent lack of interest in prosecuting its claims against Taddonio, there is no reason to believe that any alternative, lesser sanction would be appropriate. *See, e.g. Gaeta*, 644 F. App'x at 48 (finding that the district court did not abuse its discretion in determining "that no sanction other than 'dismissal' would be appropriate because of the 'significant prejudice to the Defendants in permitting a twelve-year old case to proceed.'") Accordingly, and since the SEC fails to identify any data or law that the Court overlooked in denying its motion to reopen and merely seeks to relitigate an issue already decided, upon reconsideration of the April Order, the Court adheres to its original determination to deny plaintiff's motion to reopen this case to prosecute its claims against Taddonio. Moreover, in light of, *inter alia*, the prejudice to Taddonio caused by the SEC's significant delay in prosecuting its claims against him, plaintiff's request that its claims against Taddonio be dismissed without prejudice, *i.e.*, "with leave to refile so that the Commission may recommence this action" against him, (SEC Mem. at 2), is denied.

III. CONCLUSION

For the reasons set forth herein, the SEC's motion for reconsideration of the April Order pursuant to Local Civil Rule 6.3 is granted but, upon reconsideration, the Court: (i) adheres to its original determination denying the SEC's motion to reopen this case due, *inter alia*, to the

8

significant delay caused by its failure to prosecute its claims against Taddonio despite receiving clear notice that it was required to seek leave to reopen within thirty (30) days from the date the bankruptcy stay was lifted; and (ii) denies so much of the SEC's motion as seeks dismissal of its claims against Taddonio without prejudice and "with leave to refile so that the Commission may recommence this action" against him.

SO ORDERED.

                                              /s/ *Sandra J. Feuerstein*
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated: January 28, 2020
        Central Islip, New York